**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON**

**CIVIL ACTION NO. 12-52-JBC**

**CHARLOTTE TREBOLO,**                                                  **PLAINTIFF,**

**V.**               **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,**                          **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on Charlotte Trebolo's appeal of the Commissioner's denial of her application for Supplemental Security Income ("SSI"). The court will grant the Commissioner's motion, R. 13, and deny Trebolo's motion, R. 12, because substantial evidence supports the administrative decision.

At the date of the SSI application, Trebolo was a forty-eight-year-old female. She had a high school education and was able to communicate in English. Prior to the alleged disability, Trebolo worked as an office clerk. She alleged disabled status beginning March 15, 2004, as a result of fibromyalgia, degenerative disc disease, arthritis, a bulging neck disc, borderline diabetes, high blood pressure, bronchial asthma, migraine headaches, irritable bowel syndrome and depression.[1]

---

[1] Despite this alleged onset date, the proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date. *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).

AR 107, 123.  Trebolo filed her SSI claim on August 28, 2009.  AR 107.  The claim was denied initially on December 29, 2009, AR 56, and on reconsideration on April 12, 2010, AR 57.  After a hearing on September 22, 2010, Administrative Law Judge ("ALJ") Todd Spangler determined that Trebolo is not disabled under Section 1614(a)(3)(A) of the Social Security Act.  AR 21.  Under the traditional five-step analysis, *see Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 416.920, the ALJ determined that Trebolo has not engaged in substantial gainful activity since August 11, 2009, her SSI application date, AR 17; that she has severe impairments, including obesity, chronic obstructive pulmonary disease, hypertension, peripheral vascular disease, low back pain, neck pain, and mild coronary artery disease, *Id*.; that her impairments or combination of impairments did not meet or equal a listing in the Listing of Impairments, AR 18; that she had the residual functional capacity ("RFC") to perform light level work, restricted from a full range by an inability to more than occasionally perform postural activities such as climbing, balancing, stooping, kneeling, crouching or crawling, and she must avoid moderate exposure to vibration and concentrated exposure to pulmonary irritants, *Id.*; that she was unable to return to her past relevant work, AR 20; and that based on her RFC, jobs exist in significant numbers in the national economy that she can perform, *Id.*  The ALJ thus denied her claim for SSI on October 27, 2010.  AR 20-21.  The Appeals Council denied Trebolo's request for review on January 25, 2012, AR 1-3, and she commenced this action.

Trebolo challenges the ALJ's ruling on the ground that he erred by failing to properly consider the effect of her obesity at all levels of the sequential analysis as required by Social Security Ruling ("SSR") 02-1p.  She asserts that the ALJ considered obesity only at Step Two and did not properly consider it again with regard to Step Three dealing with the Listing of Impairments, Step Four concerning her RFC, or Step Five concerning other jobs.

SSR 02-1p does not offer "any particular procedural mode of analysis for obese disability claimants." *Bledsoe v. Barnhart*, 165 Fed. Appx. 408, 412 (6th Cir. 2006).  SSR 02-1p provides that obesity, in combination with other impairments, may increase the severity of the limitations.  Nothing in the current record indicates that obesity increased the severity of Trebolo's impairments to the extent that she would meet or equal one of the Listing sections.  "An ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a combination of impairments." *Loy v. Sec'y of Health & Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990).  The ALJ found that Trebolo's impairments, either alone or in combination, did not meet or equal a Listing section.  AR 18.  The ALJ made numerous references to obesity in his discussion of the medical record.  Thus, he considered the effect of this condition.  AR 18-20.  Neither Dr. Naushad Haziq, an examining consultant, AR 303-310, nor Dr. Carlos Hernandez, a non-examining medical reviewer, AR 350-357, indicated that a Listing section had been met or equaled.  Thus, the ALJ did not err with regard to the Listing of Impairments.

The ALJ also properly considered obesity in assessing Trebolo's RFC. In determining the RFC, the ALJ relied upon the opinions of Dr. Haziq and Dr. Hernandez. AR 20. Dr. Hafiz noted that Trebolo was a "moderately obese female" and diagnosed chronic obstructive pulmonary disease, hypertension, peripheral vascular disease, low back pain, neck pain, mild coronary artery disease, and atherosclerotic vascular calcification of the abdominal aorta. AR 308. Dr. Haziq opined that these conditions would impose a moderate limitation of ability to perform work-related activities. *Id*. Dr. Haziq clearly took obesity into consideration in assessing his physical restrictions. Dr. Hernandez reviewed the record, including the opinion of Dr. Haziq, in April of 2010 and opined that Trebolo would be limited to light-level work, restricted from a full range by an inability to more than occasionally perform climbing ladders, ropes, or scaffolds, balancing, stooping, kneeling, crouching, or crawling, and would need to avoid moderate exposure to vibration and concentrated exposure to environmental pollutants. AR 350-357. Thus, both physicians considered obesity in assessing the physical limitations afflicting Trebolo.

The hypothetical question presented by the ALJ to Vocational Expert ("VE") William Ellis included a limitation to a restricted range of light-level work and was consistent with the restrictions identified by Dr. Haziq and Dr. Hernandez. AR 51-52. The VE cited a significant number of jobs that remained available and the ALJ relied upon this information at Step Five. AR 20-21, 51-52. Each of these physicians considered obesity in assessing their restrictions. Therefore, the

condition was implicitly considered at Step Five. While the ALJ did not include a reference to obesity in the hypothetical question, the Sixth Circuit Court of Appeals found that hypothetical questions are not required to contain a list of the claimant's medical conditions. *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 631 (6th Cir. 2004). Thus, obesity was clearly considered at all the appropriate administrative levels and the court finds no error.

The ALJ having properly applied the relevant legal standards and his decision being supported by substantial evidence,

**IT IS ORDERED** that Trebolo's motion for summary judgment, R. 12, is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment, R. 13, is **GRANTED**.


Signed on January 1, 2013

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY